UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 8445

ESSO EXPLORATION AND PRODUCTION NIGERIA LIMITED and SHELL NIGERIA EXPLORATION AND PRODUCTION COMPANY LIMITED,

Petitioners,

– against –

NIGERIAN NATIONAL PETROLEUM CORPORATION,

Respondent.

Case No.

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**



Esso Exploration and Production Nigeria Limited ("EEPNL") and Shell Nigeria Exploration and Production Company Limited ("SNEPCO," and, with EEPNL, "Petitioners"), by and through their attorneys, allege and aver as follows in support of their petition for entry of an order pursuant to 9 U.S.C. § 207: (i) confirming and recognizing the final arbitral award (the "Award") in the arbitration between Petitioners and Respondent Nigerian National Petroleum Corporation ("NNPC"), captioned *Esso Exploration and Production Nigeria Limited and Shell Nigeria Exploration and Production Company Limited v. Nigerian National Petroleum Corporation*, following an arbitration conducted in Abuja, Nigeria under the arbitration rules of the Nigerian Arbitration and Conciliation Act; (ii) entering judgment in Petitioners' favor against NNPC in the amount of the Award, with interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding such other and further relief as the Court deems just and proper.

## PARTIES

1. EEPNL is a corporation organized and existing under the laws of Nigeria with its principal place of business in Lagos, Nigeria. EEPNL has its main office at Mobil House, 1

Lekki Expressway, Victoria Island, PMB 12054, Lagos, Nigeria.  Petitioner EEPNL is a wholly owned, indirect subsidiary of Exxon Mobil Corporation.

2.     SNEPCO is a corporation organized and existing under the laws of Nigeria with its principal place of business in Lagos, Nigeria.  SNEPCO has its main office at Freeman House, 21/22 Marina, PMB 2418, Lagos, Nigeria.  Petitioner SNEPCO is a wholly owned, indirect subsidiary of Royal Dutch Shell plc.

3.     NNPC is a corporation organized and existing under the laws of Nigeria.  It maintains its principal office and place of business at NNPC Towers, Central District, Herbert Macaulay Way PMB 190, Garki, Abuja, Nigeria.  NNPC is a statutory corporation owned by the government of Nigeria, and, for purposes of this litigation, is an agency or instrumentality of the country of Nigeria.  28 U.S.C. § 1603(b); *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 112 (2d Cir. 1991) (recognizing NNPC as "a statutory corporation owned by the government of Nigeria and [] a 'foreign state' for purposes of the FSIA").

## BACKGROUND TO THE PETITION

4.     On July 31, 2009, Petitioners served Respondent with a Notice of Arbitration.  (Declaration of Elizabeth Snodgrass, dated October 21, 2014 ("Snodgrass Decl."), Ex. A ¶ 5.)  The arbitration concerned a dispute arising out of, and relating to, the Production Sharing Contract for Oil Prospecting License 209, entered into by Petitioner EEPNL and Respondent NNPC on May 21, 1993 (the "PSC").  (Snodgrass Decl., Ex. A ¶¶ 1, 5, 54.)  Several assignments of EEPNL's interest under the PSC have resulted in EEPNL holding 56.25% of the Contractor's

interest under the PSC and SNEPCO holding the remaining 43.75% interest. (Snodgrass Decl., Ex. A ¶ 83.)

5. The Tribunal was duly constituted on May 6, 2010, and hearings were held in Nigeria between February 28, 2011 and March 2, 2011. (Snodgrass Decl., ¶ 4; Ex. A ¶¶ 6, 43.) The arbitration was conducted under the arbitration rules of the Nigerian Arbitration and Conciliation Act. (Snodgrass Decl., Ex. A ¶ 5.) The resulting Award—dated October 24, 2011 and transmitted to the parties on November 1, 2011—found NNPC to have breached the PSC. (Snodgrass Decl., Ex. A ¶ 385.)

6. Having found in favor of Petitioners, the Tribunal ordered, in addition to declaratory and injunctive relief:

a. that NNPC pay Petitioners damages totaling US$1.799 billion, plus simple interest at the rate of 30-day LIBOR plus 4 percent from December 17, 2007, the date of breach, until April 30, 2011, in the amount of US$243 million;

b. that NNPC pay Petitioners simple interest at the rate of 30-day LIBOR plus 4 percent on the sum of US$1.799 billion from April 30, 2011 until the date of payment, which as of the date of this Petition amounts to US$264,593,757;

c. that NNPC pay Petitioners the sum to be determined as damages for its breach in the period between April 30, 2011, and the date of the Award, plus simple interest at a rate of 30-day LIBOR plus 4 percent from April 30, 2011, until the date of payment; and

d. that NNPC pay half the costs of the arbitration.

3

(Snodgrass Decl., Ex. A, Operative Part ¶¶ 2-4.)

7.	Petitioners applied to the Nigerian court of first instance to enforce the Award on November 3, 2011. (Snodgrass Decl. ¶ 6.) Six days later, NNPC cross-applied to the Nigerian court to have the Award set aside. (Snodgrass Decl. ¶ 7.) NNPC's cross-application succeeded at first instance. (Snodgrass Decl. ¶ 7.) Petitioners have appealed that decision to the Nigerian Court of Appeal and believe that their appeal, which remains pending, is meritorious. (Snodgrass Decl. ¶ 7.)

8.	Petitioners have not received payment from NNPC with respect to the payments, damages and interest due under the Award, and are faced with the imminent expiration of the applicable statute of limitations governing their right to seek confirmation and enforcement of the Award in the United States.

9.	Accordingly, Petitioners file this Petition To Confirm Foreign Arbitral Award (the "Petition"). Separately, and as of the same date, Petitioners have moved the Court for an order to stay this confirmation proceeding, pending the completion of the Nigerian proceedings.

## JURISDICTION AND VENUE

10.	This Court has original subject matter jurisdiction over the Petition pursuant to 9 U.S.C. § 203, which provides that the United States District Courts shall have original subject matter jurisdiction over a proceeding governed by the Convention on the Recognition and Enforcement of Arbitral Awards of June 10, 1958 (the "New York Convention"), implemented by Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201–208. Both Nigeria and the United States are signatories to the New York Convention.

11.     This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that the District Courts shall have original jurisdiction over any nonjury civil action against a foreign state, as defined in 28 U.S.C. § 1603(a), with respect to which the foreign state is not entitled to immunity under either 28 U.S.C. §§ 1605–1607 or any applicable international agreement.

12.     NNPC is deemed a "foreign state" under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a). *See also Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 112 (2d Cir. 1991). NNPC is subject to the jurisdiction of this Court because the FSIA denies immunity to a foreign state in an action to enforce an international commercial arbitration award. Specifically, 28 U.S.C. § 1605(a)(6) provides that a foreign state shall not be immune from any action "either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or *to confirm an award made pursuant to such an agreement to arbitrate*, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards" (emphasis added). NNPC is not entitled to immunity because this is a proceeding to confirm an arbitral award governed by the New York Convention.

13.     This Court has personal jurisdiction over NNPC pursuant to 28 U.S.C. § 1330(b), which provides that this Court shall have personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §§ 1605–1607, provided that service of process is effected in accordance with 28 U.S.C. § 1608.

14. Petitioner has, as of this date, commenced the procedures required to serve Respondent according to 28 U.S.C. § 1608(b), which governs service on agencies or instrumentalities of a foreign state.

15. Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(c), (d) and (f).

## ARGUMENT

16. The Court should confirm and recognize the Award in its entirety. The Award was rendered in Nigeria, and both the United States and Nigeria are Contracting States to the New York Convention, implemented in the United States by Chapter 2 of the FAA, 9 U.S.C. §§ 201–208. Article III of the New York Convention speaks in peremptory terms, and requires that "[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon . . . ."

17. In light of this statutory directive, confirmation usually is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation omitted).

18. Further, under Section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *see also Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 78 (2d Cir. 2012) (confirming award under the FAA and the New York Convention). Although the Award is subject to enforcement and annulment proceedings in Nigeria, Petitioners believe that their position in the Nigerian proceedings has merit and that a *bona fide* application of governing legal principles will result in confirmation of the Award.

19. Should the Nigerian courts nevertheless ultimately vacate the Award, Petitioners would still be entitled to seek confirmation and will seek the opportunity to do so on an appropriate record. *See, e.g., Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 962 F. Supp. 2d 642, 656–57 (S.D.N.Y. 2013).

## CONCLUSION

For the foregoing reasons, Petitioners EEPNL and SNEPCO respectfully request that this Court enter an order and judgment, pursuant to 9 U.S.C. § 207: (i) confirming and recognizing the final arbitral Award; (ii) entering judgment in favor of EEPNL and SNEPCO and against NNPC in the amount of the Award, with the interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 22, 2014

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: _____
Michael Lacovara
Elliot Friedman
David Y. Livshiz
Rebecca Everhardt

601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
michael.lacovara@freshfields.com
elliot.friedman@freshfields.com
david.livshiz@freshfields.com
becca.everhardt@freshfields.com

*Attorneys for Petitioners*