UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESSO EXPLORATION AND PRODUCTION NIGERIA LIMITED and SHELL NIGERIA EXPLORATION AND PRODUCTION COMPANY LIMITED,<br><br>Petitioners,<br><br>– against –<br><br>NIGERIAN NATIONAL PETROLEUM CORPORATION,<br><br>Respondent. | Case No. 1:14-cv-08445-WHP |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
STAY PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*,
   962 F. Supp. 2d 642 (S.D.N.Y. 2013) ............................................................................. 5

*Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*,
   156 F.3d 310 (2d Cir. 1998) ............................................................................................ 4

*Spier v. Calzaturificio Tecnica S.p.A.*,
   663 F. Supp. 871 (S.D.N.Y. 1987) .................................................................................. 4

*Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*,
   997 F. Supp. 2d 214 (S.D.N.Y. 2014) ............................................................................. 5

**Statutes**

9 U.S.C. §1 ................................................................................................................................. 1

9 U.S.C. § 12 .............................................................................................................................. 4

9 U.S.C. § 201 ........................................................................................................................ 1, 4

9 U.S.C. § 202 ........................................................................................................................ 1, 4

9 U.S.C. § 203 ........................................................................................................................ 1, 4

9 U.S.C. § 204 ........................................................................................................................ 1, 4

9 U.S.C. § 205 ........................................................................................................................ 1, 4

9 U.S.C. § 206 ........................................................................................................................ 1, 4

9 U.S.C. § 207 ..................................................................................................................... 1, 2, 4

9 U.S.C. § 208 ........................................................................................................................ 1, 4

## PRELIMINARY STATEMENT

Petitioners Esso Exploration and Production Nigeria Limited ("EEPNL") and Shell Nigeria Exploration and Production Company Limited ("SNEPCO," and, with EEPNL, "Petitioners"), through their attorneys, respectfully submit this Memorandum of Law in support of their Motion To Stay Petition To Confirm Foreign Arbitral Award.

On October 22, 2014, Petitioners filed this action to confirm an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). The arbitration award (the "Award") was rendered in favor of Petitioners and against Respondent Nigerian National Petroleum Corporation ("NNPC"), following an arbitration conducted in Abuja, Nigeria under the arbitration rules of the Nigerian Arbitration and Conciliation Act.

The Award was rendered in Nigeria, and cross-proceedings respectively to enforce and to annul the Award have been ongoing in the courts of Nigeria since November 2011. (Declaration of Elizabeth Snodgrass, dated October 21, 2014, ECF No. 4 ("Snodgrass Decl.") ¶¶ 3-7.)

Both the United States and Nigeria are signatories to the New York Convention. Therefore, Article III of the New York Convention, implemented by Chapter 2 of the FAA, 9 U.S.C. §§ 201–208, governs enforcement of the Award.

Article V(1)(e) of the New York Convention and Section 207 of the FAA vest the Court with discretion to enforce an award even if that award has been set aside in the seat of arbitration. In this matter, Petitioners seek, and shall demonstrate their entitlement to, enforcement on whatever schedule the Court should direct. Petitioners have filed their Petition because they are faced with the imminent expiration of the three-year statute of limitations to

confirm their rights under the Award, *see* 9 U.S.C. § 207, and cannot ensure that the Nigerian courts will have rendered a final judgment on the pending actions to enforce or annul the Award prior to the running of the limitations period. (Snodgrass Decl. ¶ 7.)

As a result, Petitioners must preserve their rights pending the outcome of the Nigerian proceedings. Article VI of the New York Convention grants domestic courts the discretion to stay proceedings to confirm foreign arbitral awards in situations in which awards remain subject to local annulment proceedings.

## BACKGROUND TO THE MOTION

On July 31, 2009, the Petitioners served Respondent with a Notice of Arbitration. (Snodgrass Decl., Ex. A ¶ 5.) The subject matter of the arbitration concerned a dispute arising out of, and relating to, the Production Sharing Contract for Oil Prospecting License 209, entered into by Petitioner EEPNL and NNPC on May 21, 1993 (the "PSC"). (Snodgrass Decl., Ex. A ¶¶ 1, 5, 54.) Several assignments of EEPNL's interest under the PSC have resulted in EEPNL holding 56.25% of the Contractor's interest under the PSC and SNEPCO holding the remaining 43.75% interest. (Snodgrass Decl., Ex. A ¶ 83.)

The Tribunal was duly constituted on May 6, 2010. The Award, dated October 24, 2011, and transmitted to the parties on November 1, 2011, found NNPC to have breached the PSC. (Snodgrass Decl., ¶ 4; Ex. A ¶ 385.)

Having found in favor of Petitioners, the Tribunal ordered, in addition to declaratory and injunctive relief:

    a. that NNPC pay Petitioners damages totaling US$1.799 billion, plus simple interest at the rate of 30-day LIBOR plus 4 percent from December 17, 2007, the date of breach, up until April 30, 2011, in the amount of US$243 million;

2

  b. that NNPC pay Petitioners simple interest at the rate of 30-day LIBOR plus 4 percent on the sum of US$1.799 billion from April 30, 2011 up until the date of payment, which as of the date of the Petition amounts to US$264,593,757;

  c. that NNPC pay Petitioners the sum to be determined as damages for its breach in the period between April 30, 2011, and the date of the Award, plus simple interest at a rate of 30-day LIBOR plus 4 percent from April 30, 2011, until the date of payment; and

  d. that NNPC pay half the costs of the arbitration.

(Snodgrass Decl., Ex. A, Operative Part ¶¶ 2-4.)

  Petitioners applied to the Nigerian court of first instance to enforce the Award on November 3, 2011.  (Snodgrass Decl. ¶ 6.)  Six days later, NNPC cross-applied to the Nigerian court to have the Award set aside.  (Snodgrass Decl. ¶ 7.)  NNPC's application succeeded at first instance.  (Snodgrass Decl. ¶ 7.)  Petitioners have appealed that decision to the Nigerian Court of Appeal, and believe that their appeal, which remains pending, is meritorious.  (Snodgrass Decl. ¶ 7.)

  Petitioners have not received payment from NNPC with respect to the payments, damages and interest due under the Award, and are faced with the imminent expiration of the applicable statute of limitations governing their right to seek confirmation and enforcement of the Award in the United States.  Accordingly, Petitioners filed with this Court their Petition To Confirm Foreign Arbitral Award.  Petitioners also seek an order to stay that confirmation proceeding, pending the completion of the Nigerian proceedings.

  As indicated above, Petitioners believe that their position in the Nigerian proceedings has merit and that a *bona fide* application of governing legal principles will result in confirmation of

the Award. Such a resolution, assuming that Respondent complies with the Award, could moot this action. If so, Petitioners promptly would dismiss this action voluntarily and thus conserve both the Court's and the parties' resources.

## ARGUMENT

The Court has discretion to stay this proceeding pursuant to Article VI of the New York Convention, implemented by Chapter 2 of the FAA, 9 U.S.C. §§ 201–208, and 9 U.S.C. § 12. *Spier v. Calzaturificio Tecnica S.p.A.*, 663 F. Supp. 871, 874 (S.D.N.Y. 1987) (adjourning enforcement proceedings pending Respondent's ongoing challenge to the underlying arbitral award before the Italian courts). Article VI provides:

> If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V(1)(e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

"Clearly [this] remedy is discretionary with the district courts." *Spier*, 663 F. Supp. at 874.

A stay is appropriate here to conserve the time and resources of the Court and the parties during the ongoing enforcement and annulment proceedings in Nigeria. As the Second Circuit has noted, the fact that "a parallel proceeding is ongoing in the originating country and there is a possibility that the award will be set aside" is one of "certain considerations favor[ing] granting a stay." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998). The same logic applies here, where the prospective resolution in the foreign jurisdiction would result in confirmation, rather than vacatur, of the underlying award.

4

Moreover, even if the Nigerian courts were to vacate the Award, Petitioners will be entitled to seek confirmation of the Award. For example, where the foreign judgment violates "basic notions of justice," Courts in this District have recognized that the "use of the permissive 'may' in Article (V)(1)(e) of the New York Convention gives this Court discretion to enforce a foreign arbitral award where the award has been nullified by a court in the state with primary jurisdiction over the award." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 997 F. Supp. 2d 214, 222-23 (S.D.N.Y. 2014) (citation omitted); *see also Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 962 F. Supp. 2d 642, 656–57 (S.D.N.Y. 2013) (noting that appellate court precedent has "recognized that a district court should hesitate to defer to a judgment of nullification that conflicts with fundamental notions of fairness" and granting motion to confirm award despite nullification by Mexican court).

Petitioners believe that there is a high likelihood that a vacatur issuing from the Nigerian courts would represent exactly the situation contemplated by this body of law and would require the Court to address the merits of the Petition. Pending resolution of the Nigerian actions, however, any further proceedings here are premature and unnecessary. Accordingly, the issuance of a stay will preserve Petitioners' ability to vindicate their rights with respect to the Award while removing the prospect that the Court or the parties will have to engage in the interim in potentially unnecessary and burdensome motion practice.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant their motion to stay these proceedings until such time as Petitioners advise the Court that the Nigerian proceedings have concluded.

5

| | |
|---|---|
| Dated: New York, New York<br>November 10, 2014 | FRESHFIELDS BRUCKHAUS DERINGER US LLP<br><br>By:       /s/ Michael Lacovara<br>            Michael Lacovara<br>            Elliot Friedman<br>            David Y. Livshiz<br>            Rebecca Everhardt<br><br>601 Lexington Avenue, 31st Floor<br>New York, New York 10022<br>Telephone: (212) 277-4000<br>Facsimile: (212) 277-4001<br>michael.lacovara@freshfields.com<br>elliot.friedman@freshfields.com<br>david.livshiz@freshfields.com<br>becca.everhardt@freshfields.com<br><br>*Attorneys for Petitioners* |