# Freshfields Bruckhaus Deringer US LLP

**BY ECF AND HAND**

The Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1920
New York, NY 10007-1312

**DAVID LIVSHIZ**
601 Lexington Avenue
31st Floor
New York, NY  10022

Tel +1 212 284 4979
Fax +1 646 521 5779
david.livshiz@freshfields.com

July 3, 2018

Re: Esso Exploration and Production Nigeria Limited and Shell Nigeria Exploration and Production Company Limited v. Nigerian National Petroleum Corporation, Case No. 14-cv-08445 (WHP)

Dear Judge Pauley:

We represent Petitioners in the above-captioned action.  We write respectfully to request an adjournment of the deadline for the Parties to complete jurisdictional document discovery, currently scheduled to conclude on July 13, 2018.  Respondent Nigerian National Petroleum Corporation (***NNPC***) consents to this request.

Since the telephonic conference on May 31, 2018 (***May 31 Conference***), the Parties have worked diligently to advance jurisdictional discovery, and to resolve their disputes without the Court's intervention.  In the nearly five weeks since the May 31 Conference, the Parties have made progress in a number of areas, including:

- ***Outstanding Bank Account and PwC Discovery.***  In early June, after extensive negotiations, the Parties reached an agreement that resolves most of the open issues concerning Bank Account and PwC Discovery.

- ***State Secrets Redactions.***  NNPC initially took the position that certain key documents concerning NNPC's transfers of funds to the Nigerian National Intelligence Agency and the Nigerian Navy were protected from disclosure by Nigerian state secrets law.  However, after the Parties met and conferred on June 8, NNPC agreed to produce these documents on an attorney's eyes only basis, and produced unredacted versions of these documents on June 13.

- ***NNPC's Search Description.***  On June 6, NNPC produced its Search Description detailing its search for Alter Ego Documents.  Upon receiving the Search Description, Petitioners identified numerous deficiencies, including, <u>inter</u> <u>alia</u> that NNPC had failed to conduct a reasonable search of its electronically stored information (***ESI***), because, among other deficiencies, NNPC (i) failed to search any internal electronic communications for responsive documents and (ii) had applied only three search

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany.

**Freshfields Bruckhaus Deringer US LLP**

2|3

terms to the documents that NNPC did search.  In addition, NNPC had searched only the documents of some of its most senior personnel, without searching the files of their subordinates, including those who had day-to-day interactions concerning some of the discovery topics.  Two days after NNPC served the Search Description, the Parties met and conferred concerning these (and other) deficiencies.  At NNPC's request, on June 12 (two business days later), Petitioners followed up with a detailed list of questions concerning NNPC's efforts to identify responsive documents, and on June 19, provided NNPC with proposed search terms to apply to NNPC's ESI.  On June 22, NNPC indicated for the first time that it was working to provide Petitioners with responses to the questions posed in Petitioners' letter of June 12 (NNPC has not yet provided those responses), and on June 26, NNPC indicated that it would consider Petitioners' proposed search terms.  It is hoped that these issues will be resolved without further intervention from the Court.

Nevertheless, a number of issues remain outstanding and the Parties therefore respectfully request additional time to resolve these issues.

- *Alter Ego Documents.*  As noted above, NNPC has not yet responded to a number of questions posed by Petitioners on June 12.  NNPC's responses may also require it to collect, review, and produce additional documents.  The Parties therefore require additional time for NNPC to respond to these inquiries, produce any additional responsive documents, and for Petitioners to review the responses and documents and resolve any resulting issues with NNPC.

- *Electronically Stored Information and Missing Documents.*  As noted above, the Parties require additional time for NNPC to perform a reasonable search of ESI, and review and produce any responsive documents, and for Petitioners to review any responsive documents and to raise any resulting issues with NNPC.  As NNPC only committed to run Petitioners' proposed search terms on June 26, additional time is required for this process to conclude.

- *Newly Discovered Bank Account.*  Finally, Petitioners identified another previously undisclosed US-based bank account that NNPC apparently used.  For over five months, NNPC has failed to provide a reasonable explanation for its relationship to this account, and documents and information produced by NNPC on May 25 and June 5 showed, for the first time, that not only had NNPC used the account, but that Nigeria's Central Bank (*CBN*) had opened it <u>to avoid a judgment creditor in a US litigation</u>.  Moreover, the CBN subsequently transferred funds in this account to a CBN account at the Bank for International Settlements in Switzerland, while assuring NNPC that it would continue to have "operational" access to those funds.  This misuse of NNPC's corporate form is (among other things) a separate and distinct

# Freshfields Bruckhaus Deringer US LLP

3|3

basis to find that NNPC is Nigeria's alter ego.  See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 633 (1983) ("Cuba cannot escape liability for acts in violation of international law simply by retransferring the assets to separate juridical entities.  To hold otherwise would permit governments to avoid the requirements of international law simply by creating juridical entities whenever the need arises.").  As a result of this newly discovered information, Petitioners promptly propounded a Fourth Request for the Production of Documents on NNPC.  The Fourth Request consists of five narrow document requests seeking information concerning NNPC's connection to, and use of, this bank account and any other similar efforts to evade creditors.  The Parties therefore require additional time for NNPC to serve its responses and objections on July 18, to meet and confer, and for NNPC to either produce responsive documents or for Petitioners to raise the issue with the Court.  Further, should any other relief be necessary in respect of this bank account, Petitioners will raise it promptly with the Court.

Accordingly, the Parties respectfully submit that additional time is required to complete jurisdictional discovery.  Because the revised discovery cutoff will affect all subsequent deadlines, the Parties respectfully request that Your Honor revise the existing deadlines for the Parties' submissions, as set forth in the enclosed Proposed Scheduling Order.

Petitioners have previously requested two extensions of the discovery deadlines, and the Parties have jointly requested seven additional extensions, each of which the Court has granted.  See ECF Nos. 73, 103, 118, 129, 135, 137, 139, 141, and 144.  Pursuant to Your Honor's Individual Practices, attached as Exhibit 1 is a Proposed Scheduling Order for the Court's consideration.  Pursuant to S.D.N.Y. ECF Rule 18.3, Petitioners are also submitting a copy of the Proposed Scheduling Order to the Orders and Judgments Clerk.

Respectfully,

David Livshiz

Cc: All Counsel of Record (via ECF)

Encl.